IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CYNTHIA MARIE WHYTE aka<br>CYNTHIA AMICO,<br>                Debtor. | Chapter 7<br><br>Case No. 4-05-06962-TUC-EWH<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

Pamela Brown is certified as a document preparer by the State of Arizona. Her customers make up a significant percentage of the "pro se" cases filed in the Tucson Division of the District of Arizona's Bankruptcy Court. In March of 2004, she entered into a stipulated order with the Office of the United States Trustee regarding alleged violations of 11 U.S.C. § 110. In this case, allegations were made by the Debtor that Ms. Brown had violated both Section 110 and the stipulated order in preparing the Debtor's bankruptcy documents. For the reasons set forth below, I find that Ms. Brown should be enjoined for the next six (6) months from filing any documents in the Arizona Bankruptcy Court.

## PROCEDURAL HISTORY

On December 13, 2005, an evidentiary hearing was held to determine if Pamela Brown and her wholly owned limited liability company, Dakota Document Service L.L.C. (Brown and her LLC are collectively referred to as "Brown") had violated 11 U.S.C. § 110 and/or the terms of a March 4, 2004 "Order Approving Stipulation Between United States Trustee, and Pamela

Brown Regarding Compliance With 11 U.S.C. § 110 and Issuance of Injunctions" ("Stipulated Order").

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Debtor and Brown were the only witnesses at the evidentiary hearing. After consideration of the evidence and the credibility of the witnesses, I find that Brown violated both 11 U.S.C. § 110 and the Stipulated Order in this case by:

1. Changing information provided by the Debtor regarding her assets, including the number and value of her assets - a violation of 11 U.S.C. § 110(j)(2)(A)(III) and paragraph 5(f) of the Stipulated Order;

2. Advising the Debtor that she did not have to list her income as a part-time realtor on her bankruptcy schedules - a violation of 11 U.S.C. § 110(j)(2)(A)(III) and paragraph 5 of the Stipulated Order and;

3. Failing to provide the Debtor with copies of her documents at the time the documents were signed - a violation of 11 U.S.C. § 110(d)(1) and paragraphs 6 and 7 of the Stipulated Order;

4. Failing to provide the Debtor with a list of exemptions - a violation of paragraph 5(e) of the Stipulated Order;

5. Failing to provide the Office of the United States Trustee with an updated list of exemptions prepared and certified by a licensed Arizona attorney - a violation of paragraph 5(e) of the Stipulated Order.[1]

---

[1] I made no factual finding regarding the Debtor's allegation that she was advised by Brown to remove over $5,000.00 from her checking account immediately before filing of the Chapter 7 petition and then advised to redeposit the money immediately after the filing of the Chapter 7 petition. The Chapter 7 Trustee placed a hold on the Debtor's checking account and, therefore, the Debtor was unable to withdraw the money. Thereafter, the Debtor retained counsel and has converted her case to a Chapter 13.

2

## STATEMENT OF JURISDICTION

Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1334(a) and 157 (A).

## DISCUSSION

Based on the above-stated findings, I find that cause exists pursuant to 11 U.S.C. § 110(j)(2)(B) to enjoin Brown and any other entity or organization in which Brown has: (a) an ownership interest; (b) is in direct or indirect control; (c) received compensation in any form, including, but not limited to, wages, salary, commissions, dividends, or property in addition to any agents, employees or servants of Brown or of the aforesaid entities or organizations from the filing of any petitions or other documents in the District of Arizona for the six-month period commencing on December 14, 2005 and ending on June 12, 2006. The injunction will not apply; however, to those cases where the customers of Brown have submitted paperwork and paid Brown money to file Chapter 7 petitions, but such petitions have not yet been filed. Brown is directed to file a list of the names of such individuals and copies of all of their paperwork with the Office of the United States Trustee no later than December 20, 2005. The United States Trustee is directed to file a list of the potential Chapter 7 debtors, under seal, with the court. Brown is further directed to file a notice with the court when the last pending customer's Chapter 7 petition has been filed with the court.

The injunction is subject to renewal. In order to avoid the injunction's renewal, Brown must file an application with the court on April 12, 2006 to be permitted to again act as a petition preparer in the District of Arizona. The application must document the steps Brown has undertaken to correct her procedures to assure that the violations of 11 U.S.C. § 110 and

3

the Stipulated Order which occurred in this case will not occur again if Brown is permitted to file documents in the Bankruptcy Court for the District of Arizona after June 12, 2006. The Office of the United States Trustee and any member of the Tucson Chapter 7 Panel of Trustees may file an objection to Brown's application no later than May 15, 2006. There will be no oral argument unless the parties request it or the court sets oral argument on its own motion. Prior to the expiration of the injunction on June 12, 2006, an order will be entered either granting or denying Brown's application to be permitted to act as a petition preparer in the District of Arizona. If the application is granted, the injunction will expire by its terms on June 12, 2006. If the application is denied, the injunction will either be renewed for an additional six-month period or will become permanent.

## CONCLUSION

The foregoing constitutes my Rule 7052 findings of fact and conclusions of law. A separate injunction order will be entered this date.

Dated this 6th day of December, 2005.

EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

Copy of the foregoing mailed this
16 day of December, 2005, to:

Pamela Brown
2030 East Broadway Blvd. #9
Tucson, AZ 85719

4

| | |
|---|---|
| 1 | Cynthia Marie Whyte |
| 2 | 10151 East Desert Gorge Drive |
|   | Tucson, AZ 85747 |
| 3 | Debtor |
| 4 | |
|   | Eric Sparks, Esq. |
| 5 | 110 South Church Ave., Suite 2270 |
|   | Tucson, AZ 85701 |
| 6 | Attorney for Debtor |
| 7 | |
|   | Vernon E. Peltz, Esq. |
| 8 | 7925 North Oracle Road #351 |
| 9 | Tucson, AZ 85704-6316 |
| 10 | Walter F. Wood, Esq. |
|    | 110 South Church Ave. #4398 |
| 11 | Tucson, AZ 85701-1624 |
| 12 | Attorney for Chapter 7 Trustee |
| 13 | |
|    | Beth Lang |
| 14 | 1955 West Grant Road #125 |
|    | Tucson, AZ 85745 |
| 15 | Chapter 7 Trustee |
| 16 | |
|    | Dianne C. Kerns |
| 17 | Chapter 13 Trustee |
|    | 7320 North La Cholla - PMB 154-413 |
| 18 | Tucson, AZ 85741 |
| 19 | |
|    | Office of the U.S. Trustees |
| 20 | 230 North First Ave. #204 |
| 21 | Phoenix, AZ 85003 |
| 22 | By _____ |
| 23 | Judicial Assistant |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | 5 |